Lias Appeal.

Argued March 25, 1953. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*W. Denning Stewart,* with him *Stewart & Jones,* for appellants.

No argument was made nor brief submitted for appellee.

OPINION PER CURIAM, April 22, 1953:

Maud A. Palmer, now deceased, was adjudicated a weak-minded person on October 27, 1950. The Mellon National Bank and Trust Company was ap-

pointed guardian of her estate on condition that it accept as counsel Dale T. Lias, Esquire, and William Kaufman, Esquire. The Mellon National Bank and Trust Company refused to accept the appointment of guardian on that condition; whereupon, the court, on April 6, 1951, designated it as merely temporary bailiff or receiver, and appointed the Commonwealth Trust Company as permanent guardian. Miss Palmer died on August 10, 1951. On March 21, 1952 the Mellon National Bank and Trust Company filed its account as temporary bailiff or receiver, and on April 17, 1952, the Commonwealth Trust Company filed its first and final account as permanent guardian.

On July 8, 1952, the court entered its orders of confirmation and distribution of the said accounts of the temporary guardian and of the permanent guardian. Exceptions to the said orders of confirmation were filed by the appellants, Dale T. Lias, Esquire, and Harvey Miller, Esquire, who represented the temporary guardian as well as a niece of Miss Palmer, Mrs. Florence Harvey (Petitioner for the appointment of the guardian). The exceptions were based on the court's allowance of only $2500 of the $5,500 claimed by appellants for counsel fees. Appellants also claimed $325 for expenses of an appeal to the Superior Court which had been dismissed as having become moot as a result of Miss Palmer's death.[1] No party in interest had filed

---

[1] The matter had been brought before the court on appellants' petition for counsel fees. Miss Palmer had left for safe-keeping with the Dollar Savings Bank securities valuing $243,276.65 but the court restrained that bank from turning over the securities to the temporary guardian. As a result, the latter did not have sufficient assets to pay appellants' counsel fees and it became necessary for them to petition the court for same. After a hearing on the petition, the court allowed only $2500 as shown in its orders of confirmation.

any objections to the amount of appellants' claim, but the court below, sua sponte, reduced the amount and allowed $2500 as a "fair and reasonable compensation" and so decreed in its orders of confirmation.

It was within the authority of the auditing judge to review the reasonableness of the fees. Article VI, Section 612 (50 P.S. 1902) of the new Incompetents' Estates Act of 1951, June 28, P. L. 612 (50 P.S. 1631 et seq.)[2] provides: "Upon the audit of the account of the guardian of a person who has died during incompetency, the auditing judge or auditor passing on the account shall not pass upon any claims against the estate of the incompetent *other than necessary administration expenses, including compensation of the guardian and his attorney . . .*" (Emphasis supplied) The auditing judge had authority to pass upon the issue of the reasonableness of the fees in question, and it was immaterial that no party in interest filed objections to the amount of the counsel fees claimed by appellants. This case thus falls within the general rule that the amount of fees to be allowed counsel is one peculiarly within the discretion of the court of first instance, and its decision will not be interfered with except for palpable error. We find no such error.

The order of the court below is affirmed. Costs to be paid out of estate.

---

[2] Art. I, Section 102 (3) (50 P.S. §1632) of that Act gives it retroactive effect by defining "incompetent" to include a person "heretofore declared to be a lunatic, an habitual drunkard, insane or weak-minded". Therefore, since the act was in effect at the time the filing and adjudication of the accounts in question, it is applicable though Miss Palmer had been adjudicated weak-minded prior to the effective date thereof.